IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FITLIFE BRANDS, INC. | CIVIL ACTION NO. |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| APOTHECARY MOVEMENT LLC d/b/a NAQSHBEAUTY, and | |
| AMAAR ASHRAF, | |
| Defendants. | |

COMES NOW FitLife Brands, Inc. ("FitLife" or "Plaintiff") and for its Complaint against Apothecary Movement LLC d/b/a NaqshBeauty and Amaar Ashraf ("Defendants"), alleges as follows. These claims arise from Defendants' misappropriation of FitLife's trademarks in conjunction with their unlawful and unauthorized sale of non-genuine, materially different products bearing FitLife's registered trademarks online.

1. FitLife is a corporation organized under the laws of Nevada with a principal place of business located at 5214 S. 136th St., Omaha, Nebraska 68137.

2. Defendant Apothecary Movement LLC d/b/a NaqshBeauty is a Utah limited liability company that has registered its address with the Utah Secretary of State as 3965 South Redwood Road in West Valley City, Utah 84119. Upon information and belief, this address is not associated with the Defendants.

3. Upon information and belief, Defendant Amaar Ashraf is an individual residing at 4537 South Basin Ridge Court in West Valley City, Utah 84128.

4. Upon information and belief, Defendants are the owner and operator of an interactive storefront website on www.amazon.com ("Amazon") called "NaqshBeauty" (hereinafter, the "Defendants' interactive storefront website").

5. Defendants have registered their address with Amazon as 222 W. Kiln Ave., West Des Moines, IA. 50222. Upon information and belief, this address is non-existent.

6. This is an action for injunctive relief and damages under the Lanham Act, 15 U.S.C. § 1051, et. seq. and under Nebraska and Utah statutory and common laws based on Defendants' unauthorized sale of FitLife's products and wrongful use of FitLife's federally registered trademarks AMINO-GRO (U.S. Registration No. 4,951,836) and CARDIO CUTS (U.S. Registration No. 4,054,185).

7. This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement, false designation of origin, false sponsorship, and false descriptions pursuant to provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has supplemental jurisdiction over the claims in this action which arise under the statutory and common laws of the state of Nebraska and Utah pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form a part of the same case or controversy and arise from a common nucleus of operative facts.

9. This Court has personal jurisdiction over Defendants because they have sold, distributed, offered for sale, and advertised infringing goods in Nebraska, and directed its tortious activities towards Nebraska by engaging in tortious actions and infringing on FitLife's Trademarks with the knowledge that its actions would likely injury FitLife in Nebraska. For instance, Defendants have transacted business in Nebraska, shipped merchandise directly or indirectly into or through Nebraska, caused harm or tortious injury by acts or omissions in Nebraska, and caused harm or tortious injury to FitLife in Nebraska.

10. Defendants' activities in Nebraska have been significant, as Defendants have made and continue to make substantial and regular sales of infringing products bearing FitLife's trademarks to customers in Nebraska, and continue to engage in these activities despite being put on notice of its illegal conduct by FitLife, its impact on FitLife in Nebraska, and the impendency of this action.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and because Defendants are subject to personal jurisdiction in this district.

12. FitLife through its subsidiary iSatori, Inc. is the sole and exclusive owner of U.S. Trademark Registration No. 4,951,836 for the mark AMINO-GRO (hereinafter, the "AMINO-GRO mark"). The AMINO-GRO mark has a registration date of May 3, 2016 and a first use of January 13, 2016. The AMINO-GRO mark is used in connection with goods, in particular "dietary and nutritional supplements containing amino acids." A copy of the Certificate of Registration for the AMINO-GRO mark is attached hereto as Exhibit A.

13. FitLife is the sole and exclusive owner of U.S. Trademark Registration No. 4,054,185 for the mark CARDIO CUTS (hereinafter, the "CARDIO CUTS mark"). The CARDIO CUTS mark has a registration date of November 8, 2011 and a first use of June 23, 2011. The CARDIO CUTS mark is used in connection with goods, in particular "dietary supplements." A copy of the Certificate of Registration for the CARDIO CUTS mark is attached hereto as Exhibit B. The AMINO-GRO mark and the CARDIO CUTS mark will be collectively referred to herein as "the Trademarks."

14. FitLife offers products for sale in connection with the Trademarks and the Trademarks have an outstanding reputation in the dietary supplements industry.

15. The Trademarks are in full force and effect and entitled to broad protection. Moreover the CARDIO CUTS mark has become incontestable pursuant to 15 U.S.C. § 1065.

16. FitLife and/or its predecessors have been using and promoting the federally registered trademark AMINO-GRO in commerce since at least as early as January 13, 2016 and the federally registered trademark CARDIO CUTS in commerce since at least as early as June 23, 2011.

17. FitLife has expended enormous amounts of time, effort, capital and resources and, in that respect, owns extremely valuable proprietary rights to the Trademarks in the dietary supplements industry.

18. The Trademarks identify high quality dietary supplement products originating exclusively with FitLife (hereinafter, "FitLife's Dietary Supplements"). In particular the AMINO-GRO mark is associated with "pre-intra-post workout" dietary supplements which FitLife states provide "maximum muscle growth" and "faster muscle recovery." The CARDIO CUTS mark is associated with "pre-cardio/weight loss" dietary supplements which FitLife states "increases energy and mental focus for your cardio workouts."

19. Due to the health and safety risks associated with the illegal sale of FitLife's Dietary Supplements by unauthorized sellers, in addition to the risk to FitLife's reputation in the industry, FitLife's Dietary Supplements are manufactured and distributed under strict quality control policies set by FitLife. FitLife's quality control policies include, but are not limited to, vetting potential retailers, checking on/monitoring authorized retailers to ensure compliance, requiring retailers to remove or return damaged or expired product, product recalls, and/or requiring certain storage conditions for FitLife's Dietary Supplements.

20. Aside from the sales it makes directly to customers and through FitLife's interactive storefront website on Amazon, FitLife's Dietary Supplements are sold exclusively

through its authorized retailer GNC. In particular, customers can only purchase FitLife's Dietary Supplements through (1) FitLife's proprietary website, *available at* https://fitlifebrands.com; (2) FitLife's interactive storefront website on Amazon, *available at* https://www.amazon.com/s?me=A22S6UJHXFNYQ3&marketplaceID=ATVPDKIKX0DER; and (3) through GNC's proprietary website, *available at* https://www.gnc.com and in select GNC brick and mortar retail stores.

21. FitLife's quality control policies further include a Guarantee for FitLife's Dietary Supplements, which states:

> FitLife Brands can only confirm product purity when our brands are purchased from authorized retailers, on gnc.com, or on ndsnutrition.com. For an approved list of retailers, go to ndsnutrition.com.

This Guarantee does not extend to products that the ultimate consumer purchases from sources other than authorized retailers of FitLife.

22. Long after FitLife's adoption and use of the Trademarks, and without FitLife's authorization, Defendants wrongfully adopted and began using the marks AMINO-GRO and CARDIO CUTS in connection with the unauthorized sale, offering for sale, distribution and advertising of dietary supplements (the "Infringing Marks").

23. The Infringing Marks adopted and used by Defendants are identical to FitLife's Trademarks.

24. Upon information and belief, customers from anywhere in the United States can purchase Defendants' unauthorized products branded with the Infringing Marks via Defendants' interactive storefront website on Amazon, *available at*:

- https://www.amazon.com/iSatori-Amino-Gro-Glutamine-Performance-Hydration/dp/B01B8FVYZU/ref=sr_1_1?dchild=1&keywords=amino+gro&m=A39VPVZ31R682M&qid=1626471228&s=merchant-items&sr=1-1;

5

- https://www.amazon.com/NDS-Nutrition-Cardio-Cuts-3-0/dp/B075FBQXX1/ref=sr_1_1?dchild=1&keywords=cardio%2Bcuts&m=A39VPVZ31R682M&qid=1626470904&s=merchant-items&sr=1-1&th=1;

- https://www.amazon.com/NDS-Nutrition-Cardio-Cuts-3-0/dp/B075FCL3S1/ref=sr_1_1?dchild=1&keywords=cardio%2Bcuts&m=A39VPVZ31R682M&qid=1626470904&s=merchant-items&sr=1-1&th=1;

Copies of non-limiting examples of such infringing uses are attached hereto as Exhibits C, D and E.

25. On Defendants' interactive storefront website, Defendants falsely give the impression that they are favored, sponsored or authorized retailers for FitLife's products sold in connection with the Trademarks.

26. Defendants are not now, nor have they ever been associated with, affiliated with, connected with, endorsed by, favored by, sponsored or otherwise authorized as retailers for FitLife.

27. Upon information and belief, Defendants' product branded with the AMINO-GRO Infringing Mark is liquidated product of FitLife that expired in 2018-2019. FitLife purchased and inspected Defendants' AMINO-GRO product sold through its interactive storefront website on Amazon, as shown in Table 1 (below). The specific label on Defendants' AMINO-GRO product was only offered on FitLife's AMINO-GRO product that expired in 2018-2019 and has since been liquidated by FitLife. Notably, the specific label on Defendants' AMINO-GRO product actually sold through Amazon is different than the label as advertised on their interactive storefront website (*see, e.g.,* Table 1). This is further indicative that Defendants' are selling expired product of FitLife.

**Table 1.**



28. Upon information and belief, the expiration dates and lot numbers on Defendants' AMINO-GRO product currently being sold through their interactive storefront website have been fraudulently modified and without the authorization of FitLife. In an illustrative example set forth below, the lot number disclosed on Defendants' AMINO-GRO product is not an actual FitLife lot number associated with FitLife's AMINO-GRO product.



7

29. The unauthorized sale by Defendants of products branded with the Infringing Marks are not covered by FitLife's Guarantee, are expired, and/or the expiration dates and lot numbers have been fraudulently modified and thus are materially different from FitLife's Dietary Supplements.

30. The unauthorized sale by Defendants of products branded with the Infringing Marks are not subject to the strict quality control policies set by FitLife, and therefore deprive FitLife of the means to control quality of such products.

31. Upon information and belief, Defendants either knew and were well aware of FitLife's valuable proprietary rights or Defendants adopted their infringing names with reckless indifference to FitLife's valuable proprietary rights.

32. On or about February 3, 2021, FitLife's counsel first notified Defendants of their unauthorized sale of FitLife's products and of Defendants' infringing use of registered trademarks owned by FitLife. Defendants were asked to immediately cease and desist their unauthorized and infringing conduct, destroy all infringing product, and provide written confirmation that they have ceased their infringing conduct. A copy of the cease and desist letter of February 3, 2021 is attached hereto as Exhibit F.

33. To date, Defendants have continued with unauthorized sales of FitLife's products, continued to improperly use registered trademarks of FitLife, and failed to respond to FitLife's letter of February 3, 2021 or otherwise comply with FitLife's demands.

34. Defendants have sold, offered for sale, distributed products, and made various advertisements under the Infringing Marks despite full knowledge that such conduct infringes the proprietary rights of FitLife and is unauthorized by FitLife. Upon information and belief, Defendants' use of the Infringing Marks in advertisements and offers for sale have been on a nationwide basis, including in Omaha, Nebraska.

35. Defendants' unauthorized product sales and use of the Infringing Marks have caused and is likely to continue to cause confusion, mistake, and deception among the relevant consumption public as to the origin, sponsorship or approval of Defendants' dietary supplements and have and are likely to deceive the relevant consuming public into believing, mistakenly, the Defendants' products originate from, are sponsored by, or otherwise approved by FitLife.

36. Defendants intentionally engaged in their infringing activities, including the use of the Infringing Marks with full knowledge of FitLife's Trademarks and/or continued sales after being expressly instructed to cease infringing activities. As a result, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

37. As a consequence of Defendants' wrongful conduct, FitLife has suffered irreparable harm and damage.

38. FitLife has no adequate remedy at law.

## COUNT I

## TRADEMARK INFRINGEMENT

39. FitLife incorporates all prior allegations as if set forth at length herein.

40. FitLife's Trademarks are strong and are entitled to broad protection.

41. Based upon FitLife's extensive advertising and promotion of its products under the Trademarks, the volume of revenues it has derived in connection with the Trademarks, and the popularity of the Trademarks, the Trademarks are immediately associated by purchasers, the public and the dietary supplement industry as being a product, name or affiliate of FitLife.

42. Defendants' conduct as described above constitutes Defendants' unauthorized use in commerce of FitLife's Trademarks.

43. Upon information and belief, Defendants have intentionally used the Trademarks knowing that they are the exclusive property of FitLife in connection with the sale, offering for

sale, distribution and advertising of goods in the same industry that FitLife's products are utilized.

44. Defendants' conduct described above creates the false and misleading impression that Defendants' are sanctioned, permitted, authorized, sponsored, or otherwise approved by FitLife to use the Trademarks to advertise, market, offer for sale and/or sell its products when, in fact, Defendants' are not so authorized.

45. Defendants are now engaging in the aforementioned activity with the intent to confuse and deceive consumers, the public and the trade.

46. Defendants' aforesaid use of the Infringing Marks which is identical to the Trademarks, has caused, and is likely to cause, confusion, mistake and deception with FitLife and its products that are sold under the Trademark and will result in the belief by purchasers, consumers, the public and the trade that Defendants and/or their products are connected with, sponsored by, or approved by FitLife.

47. Defendant's use of the Infringing Marks constitutes infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(a).

48. On information and belief, Defendants' wrongful conduct has been willful, intentional and/or in reckless disregard of FitLife's aforesaid rights.

49. Defendants' wrongful conduct has resulted in immediate and irreparable damage to FitLife and will continue to irreparably damage FitLife until enjoined by this Court. FitLife is without an adequate remedy at law.

## COUNT II
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

50. FitLife incorporates all prior allegations as if set forth at length herein.

51. Defendants' conduct including, but not limited to, use of the Infringing Marks falsely represents that Defendants and its aforesaid products as being affiliated, connected, associated with, sponsored, or approved by FitLife in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(b), the Utah Unfair Competition Act, Utah Code § 13-5a-101 et. seq., and the Nebraska Unfair Competition Act, Nebraska Revised Code § 59-1602 et. seq.

52. Defendants' aforesaid acts constitute unfair competition with FitLife and result in Defendants' unjust enrichment.

53. Defendants' wrongful conduct has resulted in immediate and irreparable damage to FitLife and will continue to irreparably damage FitLife until enjoined by this Court. FitLife is without an adequate remedy at law.

## COUNT III

### VIOLATION OF STATE DECEPTIVE TRADE PRACTICES ACTS

54. FitLife incorporates all prior allegations as if set forth at length herein.

55. The conduct of Defendants constitutes deceptive trade practices and fraud in violation of the Utah Truth in Advertising Statute, Utah Code § 13-11a-1 et. seq., and the Nebraska Deceptive Trade Practices Act, Nebraska Revised Code § 87-301 et. seq.

56. As a result of the conduct of Defendants, FitLife is entitled to all of the legal remedies under the Utah Truth in Advertising Act and the Nebraska Deceptive Trade Practices Act.

## COUNT IV

### STATE TRADEMARK INFRINGEMENT

57. FitLife incorporates all prior allegations as if set forth at length herein.

58. The conduct of Defendants as stated above constitutes infringement in violation of Utah Code § 70-3a-402 et. seq. and Nebraska Revised Code § 87-126 et. seq.

59. As a result of the conduct of Defendants, FitLife is entitled to all of the legal remedies under Utah Code § 70-3a-402 et. seq. and Nebraska Revised Code § 87-126 et. seq.

## COUNT V

## COMMON LAW

60. FitLife incorporates all prior allegations as if set forth at length herein.

61. The aforementioned acts of Defendants constitute infringement, unfair competition, and deceptive trade practices under the common law of the State of Utah and the State of Nebraska.

## COUNT VI

## TORTIOUS INTERFERENCE WITH CONTRACT

62. FitLife incorporates all prior allegations as if set forth at length herein.

63. Other than products that FitLife itself sells to customers, FitLife's Dietary Supplements bearing the Trademarks are sold exclusively through authorized retailer GNC.

64. The selling by Defendants of its products branded with the Infringing Marks damages the contractual relationship that FitLife has with its exclusive authorized retailer GNC and therefore constitutes the tortious act of interference with a contractual relationship.

WHEREFORE, FitLife prays for an Order from this Court that:

1. Defendants and its officers, agents, servants, employees, franchisees and attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using in any manner the names "AMINO-GRO" and "CARDIO CUTS" as a trademark, and whether alone or in association with other words or symbols.

2. Defendants be required, in accordance with 15 U.S.C. § 1118 and state law, to deliver to FitLife for destruction all items which in any way or manner depict the names "AMINO-GRO" and "CARDIO CUTS," whether it is used alone or in association with other words or symbols.

3. FitLife shall be awarded all damages it has sustained as a consequence of Defendants' infringement of the Trademarks or any unfair competition.

4. Awarding FitLife all gains, profits, and advantages derived by the Defendants' infringement of the Trademarks or any unfair competition and that the same be held in constructive trust for the benefit of FitLife.

5. Awarding FitLife prejudgment interest on all recoverable damages at the legal pre-judgment rate and interest on said sums at the legal judgment rate from the date of said judgment.

6. Awarding FitLife costs of the action as authorized by law.

7. Awarding FitLife treble the amount of actual damages suffered by it as authorized by law.

8. Awarding FitLife reasonable attorneys' fees as authorized by law.

9. FitLife shall have such other and further equitable relief as the Court deems just and equitable.

FitLife requests a trial in Omaha, Nebraska.

FitLife Brands, Inc., Plaintiff

By: /s/ Luke C. Holst
Luke C. Holst, NE #23834
Brian T. McKernan, NE #22174
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, NE 68102
(402) 341-3070
(402) 952-6896 fax
lholst@mcgrathnorth.com
bmckernan@mcgrathnorth.com

*Attorneys For Plaintiff*